JOHN RIGGS *et al.*, Respondents, *against* JAMES STEWART *et al.*, Appellants.

(Decided February 6th, 1888.)

Where, on the decision of a demurrer, leave to amend or plead is given, the proper practice is to enter an interlocutory judgment containing such provision, and if the party does not avail himself of the privilege given to amend or to plead, then to enter final judgment in the action. The time allowed to amend or plead does not run until the entry of the interlocutory judgment.

On the overruling of defendants' demurrer to the complaint, in an action to foreclose a mechanic's lien, with leave to plead within ten days, plaintiffs, after waiting the ten days, entered an order for judgment which was not in proper form, there being no proof taken and no direction for a sale of the property; and judgment was entered upon such order, which was also irregular for want of a provision for a sale of the property, and as containing a direction that a further judgment be entered against the property. *Held*, on appeal, that such judgments should be reversed, and, as the demurrer was not well taken, leave should be given to enter an interlocutory judgment upon the original order overruling the demurrer, without costs of appeal.

APPEAL from a judgment and an order of this court entered upon an order overruling a demurrer to a complaint.

The facts are stated in the opinion.

*J. Wray Cleveland*, for appellants.

*Wm. P. Prentice*, for respondents.

J. F. DALY, J. — The proper practice on the decision of a demurrer, where leave to amend or to plead is given, is to enter an interlocutory judgment containing such provision, and if the party does not avail himself of the privilege given to amend or to plead, then to enter final judgment in the action. It has been held that the time in which the party is to amend or plead does not run until the entry of the interlocutory judgment (*Sieglois* v. *McCracken*, 22 Hun 69). That case correctly states the practice that should be followed under section 1021 of the Code.

In this case no judgment has been entered, either interlocutory or final. After the entry of an order directing judgment on overruling the demurrer, "unless defendants James Stewart and James Devlin pay to the plaintiffs' attorney ten dollars costs and serve a copy of their answer to the amended complaint within ten days," the plaintiffs waited ten days and then entered another order for judgment, which, however, was not in the proper form in an action to foreclose a mechanic's lien, there being no proof taken and no direction for a sale of the property affected by the lien. Judgment was entered upon this last order, but it was also irregular, as there was no provision for a sale of the property, and as it contained a direction that a further "judgment be entered against the property," etc.

The last-named order and judgment should be reversed, and the plaintiffs left to enter an interlocutory judgment upon the original order overruling the demurrer, which latter order is affirmed, as the defendants' demurrer was not well taken.

No costs of this appeal.

LARREMORE, Ch. J., and ALLEN, J., concurred.

Judgment and order accordingly.